PER CURIAM. The learned judge was right in holding that no necessity for an examination was shown. Indeed, take the whole of the affidavit together, it appears that the examination was to be used as a preparation for .trial. Order affirmed, with $10 costs.

---

NEW YORK LIFE INS. CO., Respondent, *v.* AITKIN, Appellant.

*(Superior Court of New York City, General Term.* December 10, 1891.)

Appeal from special term.
Action by the New York Life Insurance Company against James Aitkin, .executor, etc. From part of order allowing defendant to amend answer on terms, defendant appeals. For former reports, see 4 N. Y. Supp. 879; 11 N. Y. Supp. 349.
Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.
*Johnson & Johnson,* for appellant. *H. G. Atwater,* for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disburse-ments.

---

ROSEVELT, Respondent, *v.* McGAW, Appellant.

*(Superior Court of New York City, General Term.* December 10, 1891.)

Appeal from special term.
Action by Warren Rosevelt against Alexander McGaw. Defendant appeals from order of reference.
Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.
*Leavitt & Kerth,* for appellant. *William G. Bussey,* for respondent.

SEDGWICK, C. J. Order affirmed, with $10 costs.

---

BOLTON *et al.,* Appellants, *v.* SCHRIEVER *et al.,* Respondents.

*(Superior Court of New York City, General Term.* December 14, 1891.)

Appeal from special term.
Action by C. Gray Bolton and another against William Schriever and oth-ers. For former report, see 12 N. Y. Supp. 226, 918.
Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.
*Smith & Perkins,* for appellants. *Johnson & Johnson,* for respondents.

PER CURIAM. Order appealed from affirmed, with $10 costs.

---

DUFF, Respondent, *v.* RUSSELL, Appellant.

*(Superior Court of New York City, General Term.* December 14, 1891.)

Action by James C. Duff against Lillian Russell. Defendant appeals from judgment rendered at the equity term of the court in favor of plaintiff.
Argued before McADAM and GILDERSLEEVE, JJ.
*Howe & Hummel,* for appellant. *Vanderpoel, Green & Cuming,* for re-spondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of the trial judge. 14 N. Y. Supp. 134.

---

KANE, Respondent, *v.* METROPOLITAN EL. RY. CO. *et al.,* Appellants.
(No. 2.)

*(Superior Court of New York City, General Term.* December 17, 1891.)

Appeal from special term.
Action by Edith Kane against the Metropolitan Elevated Railway Company .and another. For former reports, see 6 N. Y. Supp. 526; 7 N. Y. Supp. 653.

Argued before McADAM and GILDERSLEEVE, JJ.

*Davies & Rapallo,* for appellants.   *J. A. Weeks,* for respondent.

PER CURIAM.   We have carefully examined the record.   The findings were intelligently passed upon according to prevailing practice, and we have failed to discover any error in the rulings which requires a new trial.   Judgment affirmed, with costs.

---

WHITE, Respondent, *v.* NEW YORK EL. R. CO. *et al.,* Appellants.   (No. 2.)

*(Superior Court of New York City, General Term.   December 17, 1891.)*

Appeal from special term.

Action by Eliza Whitlock White against the New York Elevated Railroad Company and another.

Argued before McADAM and GILDERSLEEVE, JJ.

*Davies & Rapallo,* for appellants.   *G. Willitt Van Nest,* for respondent.

PER CURIAM.   We have carefully examined the record.   The findings were intelligently passed upon according to prevailing practice, and we have failed to discover any error in the rulings which requires a new trial.   Judgment affirmed, with costs.

---

UNITED STATES NAT. BANK, Respondent, *v.* HOMESTEAD BANK, Appellant.

*(City Court of New York, General Term.   October 29, 1891.)*

Appeal from trial term.

Action by the United States National Bank against the Homestead Bank.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Charles F. McLean,* for appellant.   *Walter L. McCorkle,* for respondent.

NEWBURGHER, J.   The plaintiff brought this action to recover the balance of an amount due upon a contract for services in clearing for defendant for over a year, and transacting its business, in the New York Clearing-House. It appears that the defendant started business as the "Ninth Avenue Bank," but subsequently changed its name to the "Homestead Bank."   It then applied to the plaintiff to secure the facilities of the clearing-house, and plaintiff undertook to do the business of the defendant through the clearing-house, provided defendant would keep on deposit with plaintiff $20,000 as a compensation.   Defendant failed to keep on deposit with the plaintiff the amount agreed, and an agreement was then made that $1,200 should be allowed to plaintiff for its services in the clearing-house, of which sum $500 was paid. The case was properly submitted to the jury.   There are no exceptions either to the charge or in the admission of testimony that show error on the part of the trial justice.   The motion to dismiss was properly denied, and the judgment must be affirmed, with costs.

END OF VOLUME 16.